STATE OF MINNESOTA *ex rel.* MOSES E. CLAPP, Attorney General, *vs.*
THE EDUCATIONAL ENDOWMENT ASSOCIATION OF MINNEAPOLIS.

Argued Oct. 27, 1891. Decided March 23, 1892.

**Practice—Remedy under Laws 1885, ch. 184, not Exclusive.**—A corporation organized under the provisions of Laws 1885, ch. 184, engaged in the business of life or endowment or casualty insurance on the cooperative or assessment plan, may be proceeded against in the manner prescribed in 1878 G. S. ch. 76, § 12. The remedy provided by Laws 1885, ch. 184, § 12, is not exclusive.

Appeal by plaintiff, The State of Minnesota, upon the relation of Moses E. Clapp, Attorney General, from a judgment of the District Court of Ramsey County, *Brill,* J., entered March 17, 1891, dismissing the action.

The defendant, The Educational Endowment Association of Minneapolis, was organized as a corporation March 8, 1883, under the laws of this state, by E. H. Steele, J. A. Steele, B. F. Knerr, John J. Ankeny, and Jacob Merritt. Its purpose, as stated in its articles of incorporation, was to endow children under twelve years of age with a fund to become theirs on their coming to that age, and to afford mutual protection and relief to parents and others against the embarrassments often met in furnishing education to children. Its articles provided that any parent, guardian, or friend might become a certificate holder in the association in trust for the benefit of any child under eleven and a half years of age, to mature when the child attained the age of twelve years. The certificate entitled the child, on arriving on that age, to have an assessment made upon all the certificate holders, and to receive seventy-five per cent. of the amount realized therefrom. The amount of the assessment was graded from one to seven dollars according to the age of the child at the time of issuing the certificate. The corporation had no capital or stock, and was managed by a board of six trustees, who were named and had power to fill vacancies and employ a general manager.

On November 18, 1885, E. H. Steele, John J. Ankeny, Jacob Merritt, B. F. Knerr, and J. C. Haynes, being a majority of the trustees, reincorporated under Laws 1885, ch. 184, and made and filed

with the insurance commissioner the declaration required by that act. Under this reincorporation the child beneficiary was to receive its endowment at an age to be specified in the certificate instead of at the age of twelve years. No child over sixteen years of age could become a beneficiary, nor could a child receive any endowment unless its parent, guardian, or friend had paid assessments for at least four years. The trustees were to be not less than five, nor more than thirteen, chosen in a manner to be prescribed by the by-laws. Any certificate holder who failed to pay any assessment within thirty days after the date of the notice thereof, forfeited the certificate and all benefits, claims, and moneys paid the association. If the child beneficiary died before the endowment matured the corporation undertook to return one fourth of the assessments paid on the certificate.

This action was commenced November 21, 1890, on the complaint of the Attorney General in behalf of the State under 1878 G. S. ch. 76, §§ 12, 13. Its purpose was to enjoin the association and its officers from exercising any corporate rights, privileges, or franchises, and from collecting in or paying out any money, property, or effects, and to obtain such other and further relief as should seem to the court just and equitable. The complaint set out the articles of incorporation and of reincorporation, and the forms of the endowment certificates issued both before and after the reincorporation, and stated that between 1,500 and 2,000 of such endowment certificates had been issued and were outstanding; that many thousands of dollars had been received by the incorporators each year, since the organization of the association, and that the total income for the year 1889 alone was $41,749.75. It alleged that the corporation was insolvent, and unlawfully and fraudulently refused to pay matured certificates of endowment outstanding; that the parties managing its affairs had converted to their own use a large part of its money and assets under the guise of exorbitant salaries and otherwise, and refused to allow the books and accounts to be examined, and concealed its condition and affairs.

The complaint further alleged, among other things, that the persons managing the affairs of the corporation made false and fraudulent entries in its books so that the books did not disclose its condi-

tion or operations, or show what amount of money was received or paid; that the managers had incorporated a savings bank called the Home Savings and Loan Association, and had sold the stock to this Endowment Association at fictitious prices; that the officers of both corporations are the same persons and draw exorbitant salaries from both concerns; that the expenses of operating the Endowment Association for the year 1889 were claimed to be $17,472.44 in addition to $5,000 paid said Jacob Merritt as its general manager; that no record of such payment to him appears on the books; that the persons managing the Endowment Association were appropriating its assets and had made and collected unlawful and unnecessary assessments, and had declared many of the endowment certificates forfeited for nonpayment of such illegal assessments.

The answer of the defendant admitted that it was legally incorporated on November 25, 1885, under Laws 1885, ch. 184, but denied that its prior incorporation was lawful or valid. It denied that its funds were used to purchase stock in the savings bank. It alleged that many of the charges in the complaint had been adjudicated in State v. Steele, 37 Minn. 428, and were not open to controversy, and that if defendant had done any illegal or ultra vires acts the members of the corporation had subsequently acquiesced and ratified them with full knowledge of the facts, and denied each and every other averment in the complaint. The plaintiff replied and the action came to trial February 26, 1891. The defendant moved the trial court for judgment upon the pleadings on the ground that the complaint did not state facts sufficient to constitute a cause of action. The court refused to adjudicate the merits of the controversy and dismissed the action on the ground that the proceeding provided for by Laws 1885, ch. 184, § 12, is the exclusive remedy. Judgment of dismissal was entered and on April 22, 1891, the plaintiff appealed to this court.

*Stringer & Seymour* and *Kueffner & Fauntleroy,* for appellant.

The facts stated in the complaint constitute a cause of action. *State* v. *Standard Life Ass'n,* 38 Ohio St. 281; *State* v. *Minnesota Thresher Mfg. Co.,* 40 Minn. 213.

The ground on which the motion to dismiss was granted, was that the complaint does not allege that application was made to the Insurance Commissioner as required by Laws 1885, ch. 184.

This act provides for a special proceeding in the District Court and is not exclusive. Repeal by implication is not favored. This act simply gives a new remedy for a right existing, and enforceable in equity; it is merely cumulative and not exclusive. Wisconsin has a similar statute but her courts do not hold it exclusive. *In re The Oshkosh Mut. Fire Ins. Co.*, 77 Wis. 366.

*Haynes & Chase*, for respondent.

Defendant contends that the statute under which this action was brought is not applicable to corporations of this character; that Laws 1885, ch. 184, provides for the organization, existence, and restraining of such corporations, and furnishes a full, adequate, and exclusive method of procedure where the relief sought is similar to that prayed for in this suit. *Foster* v. *Moulton*, 35 Minn. 458. And it owes its legal existence wholly to the provisions of that act. *State* v. *Steele*, 37 Minn. 428.

Actions like this, although conceived in the diseased mind of a chronic malcontent, and founded upon nothing more substantial than the mythical product thereof, must from their very nature greatly harass and injure associations conducting their business in the manner contemplated by the act of 1885, and the continuance of such actions would render their very existence impossible. Where a statute creates a right and also provides a remedy, the latter is exclusive and implies a negative of any other. *City of Faribault* v. *Misener*, 20 Minn. 396, (Gil. 347;) *Griffin* v. *Chadbourne*, 32 Minn. 126; *Johnson* v. *Fischer*, 30 Minn. 173.

COLLINS, J. The defendant is a co-operative or assessment insurance company on the endowment plan, incorporated in the manner prescribed in Laws 1885, ch. 184. This action was brought against it under the provisions of 1878 G. S. ch. 76, § 12, to restrain and prohibit it from further exercising any of its corporate rights, privileges, and franchises; and, admittedly, a good cause

of action has been set forth in the complaint if the remedy contemplated and provided for in said section is available. The complaint does *not* contain facts sufficient to constitute a cause of action if the defendant corporation can only be proceeded against in the manner detailed and specified by Laws 1885, ch. 184, § 12. On the ground that a corporation organized under chapter one hundred and eighty-four (184) can only be proceeded against after an examination and report of the insurance commissioner, supplemented by the opinion and formal application of the attorney general,—strictly in accordance with the provisions of said section 12,—the court below dismissed the case on defendant's motion. The only question on appeal is whether, by means of various provisions found in the act of 1885, the method of procedure therein prescribed has become exclusive; no other proceedings, legal or equitable, having in view the relief herein demanded, being allowable. In terms, 1878 G. S. ch. 76, § 12, is comprehensive enough to include corporations organized under Laws 1885, ch. 184, although such corporations are not specially mentioned, and are brought into existence by means of a much later statute; so that, unless the method of procedure authorized in ch. seventy-six (76) is prohibited, directly, or by necessary implication, by the provisions found in Laws 1885, ch. 184, it still exists in full force, and the judgment appealed from is erroneous. We are of the opinion that the mode of procedure authorized by Laws 1885, ch. 184, § 12, against corporations, associations, and societies conducting an insurance business on the co-operative or assessment plan, was not designed to be exclusive, nor does it in any degree interfere with or supersede the right of action granted and the equitable remedy afforded in the General Statutes. It is to some extent cumulative, and is in the nature of a special proceeding, initiated in a summary manner, whenever the insurance commissioner and the attorney general are of the opinion that for some cause or reason, not specified in the statute, and therefore unascertainable with certainty as a matter of law, such corporation, association, or society should be restrained from further continuing to transact business. This is made the only question for trial, and the verdict of a jury is conclusive "upon the propriety of restraining

such continuance of business." The irregularities or acts of the corporation which have instigated unfavorable action on the part of the state officials before mentioned need not be any of those specified in 1878 G. S. ch. 76, § 12, and the only judgment to be entered against the defendant is one forbidding the further transaction of business. Such a judgment would prove, usually, wholly inadequate, for it would do no more than to suspend the corporation in a state of great uncertainty. The consequences which are inevitable in case a corporation is obliged to cease business are not provided for in any manner. What is to be done with the business of the past, or in behalf of the interests of the members or of the creditors, or in what manner, if at all, the corporate liabilities are to be ascertained, and its assets marshaled and distributed, is a. matter of conjecture,— being wholly unprovided for. These important matters are all carefully considered and taken care of in 1878 G. S. ch. 76, and it is impossible to conclude that by the legislation of 1885 it was intended to substitute for so complete a proceeding one which at best falls far short of accomplishing the same results. Laws 1885, ch. 184, § 12, is not a later and more precise expression of the Legislature, aimed at the same object; and therefore the case does not come within the principle which requires that specially directed and more recent provisions of the lawmaking power are to be taken as an exception to earlier general ones.

Nor is there any indication in section five (5) or six (6) of chapter one hundred and eighty-four (184) of an intention to remove the corporations therein mentioned from the effect of general legislation in respect to proceedings looking to the forfeiture of corporate franchises and the winding up of all corporate affairs, as has been argued by counsel for respondent. The language on which this claim is predicated is found to conclude two distinct sections, five (5) and six (6.) In section five (5) the corporation, association, or society which shall be deemed to be engaged in the business of life or endowment insurance on the co-operative or assessment plan is particularly described; while in section six (6) the corporation, association, or society which shall be deemed engaged in the business of casualty insurance on the same plan is also described with particu-

larity. The language alluded to, common to both sections, rendering such corporations, associations, and societies "subject only to the provisions of this act," has reference merely to the modes and methods of transacting corporate business, and the regulation of the same. It means simply that corporations, associations, and societies engaged in the business specified in chapter one hundred and eighty-four (184) shall not be subject to, or compelled to comply with, the general laws of the state regulating life, endowment, and casualty insurance companies. That the proceeding authorized by section twelve (12) is not the only one contemplated.is evident from section seven, (7,) for in that section another and distinct remedy is provided in cases where there has been a refusal to comply with the law in certain respects. And that other proceedings were anticipated again appears from the wording of section ten, (10,) wherein it is provided that every charter procured under the terms of chapter one hundred and eighty-four (184) shall continue until revoked by a court of competent jurisdiction. The judgment to be entered when proceedings are under section twelve (12) does not, in terms, revoke the charter of a transgressing corporation. As before intimated, its mission seems to be the suspension of the power to transact business; not an absolute revocation of the charter, or a complete deprivation of corporate rights and franchises.

In conclusion, and as to the contention that the remedy provided in section twelve (12) of chapter one hundred and eighty-four (184) is exclusive, it may be well to say that a statute which would deprive a creditor, or a stockholder, or the state, of the equitable and complete remedy prescribed in chapter seventy-six, (76,) or which would deprive the latter of the right to direct its writ of *quo warranto* against an alleged insolvent or malfeasing corporation, its creature and especial charge, should be, and, in our judgment, would have to be, very direct and unambiguous in its provisions.

Judgment reversed, and new trial ordered.

(Opinion published 51 N. W. Rep. 908.)