STATE OF MINNESOTA *ex rel.* MOSES E. CLAPP, Attorney General, *vs.*
KNIGHTS OF AURORA.

Argued Feb. 2, 1892. Decided March 23, 1892.

Appeal by defendant, The Knights of Aurora, from a judgment of
the District Court of Hennepin County, *Hicks, J.,* entered September
24, 1891.

The defendant, The Knights of Aurora, was organized as a cor-
poration March 1, 1889, under Laws 1885, ch. 184, by C. E. Rogers,
J. L. Gause, W. A. McDowell, C. T. Rogers, Thomas Hall, C. S. Tal-
bert, A. F. Smith, John K. Lane, and W. A. Hankins, of Minneapolis.
Its purposes, as stated in its articles of incorporation, were to promote
fraternal love among its members, to aid them in business, to assist
sick and distressed members, and to prevent poverty and suffering
among those dependent upon them .for support, and to establish a
beneficiary fund by assessments upon its members, from which, upon
the death of any member in good standing, the beneficiary named
by him would be entitled to draw the amount collected from one as-
sessment upon all the members of the order, not exceeding $3,000.
It had no capital or stock and was managed by a board of officers.

This action was commenced October 11, 1890, to have the corpora-
tion adjudged insolvent, and a receiver appointed, and to restrain it
from exercising any corporate franchise, and from receiving or pay-
ing out any money, and from transferring its property, and to
have its assets and liabilities determined, and distribution made,
and the corporation dissolved. The complaint alleged numerous
violations of the law and of the provisions of its charter by de-
fendant, and among other things stated that on October 1, 1889, de-
fendant issued and circulated a printed advertisement of its business
and affairs and recommending it to the public, and soliciting mem-
berships and patronage, in which it falsely stated it had 18,283 mem-
bers, when in fact it had no more than 1,000. The complaint fur-
ther alleged that on December 31, 1889, defendant issued another
advertising circular in which it falsely stated that it had 6,119 certif-
icates of membership in force at that time, when in fact it had no

more than 1,000; that Walter T. Burr, a member in good standing,
died at St. Paul, July 6, 1890, holding a certificate for $3,000, pay-
able to his wife, on which nothing could be obtained, solely because
of defendant's insolvency.

The answer denied or explained and excused the several charges
made in the complaint, and the issues were brought to trial Novem-
ber 25, 1890.   Evidence was submitted by both parties, and the court
on December 2, 1890, made and filed findings that defendant was
insolvent, and unable to pay its debts, and had violated the law under
which it was incorporated, and its own charter, and further found as
follows, viz:

That the defendant in the month of January, 1890, made and filed in
the office of the Insurance Commissioner of the State of Minnesota,
the annual report of its membership, business, and finances for the
year 1889, which report it was by the law of the State required to
file on or after the 1st day of February, 1890, and which report was
verified by the oath of its managing officers, and in and by which
report the defendant falsely and fraudulently reported to the Insur-
ance Commissioner of the State that it had, during the year 1889,
written and issued 6,158 policies or certificates to its insurance mem-
bers, and that it had on December 31st of that year, 6,119 such policies
or certificates then in force, whereas in truth and in fact the defend-
ant had not at that time issued any number in excess of 2,320, and
had not on the 31st day of December, 1889, any number of such
certificates then in force in excess of 2,300, and that such false and
fraudulent report of the defendant was and is a violation by the
defendant of the law of the State, and was known to be such by the
managing officers of the defendant at the time it was made.

That on or about the 1st day of January, 1890, the defendant
published and circulated a printed circular advertising itself and its
business, and recommending the same to the public for patronage,
and soliciting applications for membership, wherein and whereby
defendant falsely and fraudulently represented to the public that the
Order or Fraternity represented by defendant had 6,119 policies or
certificates of membership in force on December 31, 1889; all which
representations were substantially untrue, and were known to be so

by defendant, and that the said circular was issued and circulated by the defendant for the false and fraudulent purpose of deceiving the public and the persons who might apply for membership in the said Fraternity.

That the defendant corporation has misused the privileges and franchises conferred upon it by the State of Minnesota, and has conducted its business of life insurance in an irregular and illegal manner; has failed to keep correct records of its membership and its business transactions, and has kept pretended records of the same which were either wholly or in part fictitious, and has made and published false and untrue statements of its membership and of its financial condition and standing, with the view, and for the purpose, of misleading and deceiving the public, and thereby inducing persons not acquainted with the facts, who might rely upon such false and fictitious statements and publications, to apply for and accept membership in the defendant's society and organization.

That the insolvency of the defendant and the violations of law and of its Articles of Incorporation committed by the defendant are such as to entitle the plaintiff, the State of Minnesota, on the relation of the Attorney General, to the issuance of an injunction and the appointment of a receiver as prayed in the complaint.

Judgment was entered upon the findings, and Samuel T. Johnson, Esq., was appointed receiver, and the officers were required to turn over and deliver to him its property, records, books, and papers, including the records and books sent out of the State into Wisconsin. A motion was made by the defendant for a new trial on the ground that by Laws 1885, ch. 184, § 5, it was not subject to the provisions of 1878 G. S. ch. 76, and therefore the complaint did not state facts sufficient to constitute a cause of action against it. The motion was denied and it appealed to this court from both the judgment and the order, unmindful of what was said at the close of the opinion in *Hatch v. Schusler*, 46 Minn. 207, and in previous cases.

*W. A. McDowell* and *John H. Steele*, for appellant.

Laws 1885, ch. 184, provides a full and adequate procedure for restraining societies organized under this chapter from doing busi-

ness improperly. The remedy there prescribed is the only and the exclusive remedy applicable to the defendant in this action. Section five (5) of said chapter provides, among other things, that societies organized under this chapter shall be subject only to the provisions of this act. The act itself is ample, complete, and sufficient to meet all questions and conditions that could fairly be presumed to arise under its operation. Section twelve (12) provides the manner of proceeding against a corporation for an abuse or misuse of its franchise, and also gives the insurance commissioner the power and the right to inspect and investigate the books and affairs of the society. Section fifteen (15) requires all societies, foreign and domestic, doing business in this state, to comply with all the provisions of the act. Sections eighteen (18) and twenty (20) prescribe the penalties for violating its provisions. The provisions of 1878 G. S. ch. 76, do not apply to corporations organized under Laws 1885, ch. 184.

Enactments regulating proceedings in specific actions are exclusive, and remove them from the effect of general legislation, which under other circumstances would apply. *Isaacs* v. *Isaacs*, 10 Daly, 306; *Calking* v. *Baldwin*, 4 Wend. 667; *Town of Troy* v. *Cheshire R. Co.*, 23 N. H. 83; *Dudley* v. *Mayhew*, 3 N. Y. 9; *Almy* v. *Harris*, 5 John. 175; *McKeon* v. *Caherty*, 3 Wend. 494; *Renwick* v. *Morris*, 7 Hill, 575.

Where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other is general, and would if standing alone include the same matter, and thus conflicts with the special act or provision, the special act must be taken as intended to constitute the exception to the general. *Crane* v. *Reeder*, 22 Mich. 322; *Dewey* v. *Central Car & Mfg. Co.*, 42 Mich. 399.

Where a statute creates a right, and also provides a remedy, the latter is exclusive and implies a negative of any other. *Hall* v. *Hinckley*, 32 Wis. 362; *Dunn* v. *Kanmacher*, 26 Ohio St. 497; *Commissioners, etc.*, v. *Bank of Findley*, 32 Ohio St. 194.

Where a right is given by statute, and the statute also provides the method in which such right may be enforced, the statutory method must be followed to the exclusion of any other. *City of*

*Faribault* v. *Misener,* 20 Minn. 396, (Gil. 347;) *Griffin* v. *Chadbourne,* 32 Minn. 126; *Allen* v. *Walsh,* 25 Minn. 543; *Johnson* v. *Fischer,* 30 Minn. 173.

If a thing is limited to be done in a particular form or manner it excludes every other mode, and affirmative expressions such as we find in the later act introduce a new rule and imply a negative of any other. *District Township of Dubuque* v. *City of Dubuque,* 7 Iowa, 262; *Smith* v. *Stevens,* 10 Wall. 321; *New Haven* v. *Whitney,* 36 Conn. 373; *Wallace* v. *Holmes,* 9 Blatchf. 65; *Perkins* v. *Thornburgh,* 10 Cal. 189.

*Jas. O. Pierce,* for respondent.

The general propositions of law urged in defendant's brief, when accurately stated, will not be contested by plaintiff. As stated in the language of this court these propositions of law are sound and salutary. But it is insisted by the State that they do not apply to the present case.

The act of 1885 is in no respect in conflict with 1878 G. S. ch. 76; it is, as to the remedial procedure provided for, but a supplementary act, which well may stand and be enforced in cases to which it applies, without interfering in any manner with the procedure under the older act. The two acts aim to accomplish distinctly different purposes. The defendants to be proceeded against are not identical. The mischiefs to be remedied are in no respect identical. The modes of procedure are different; the earlier act provides equitable remedies for designated offenses, while the latter act provides a peculiar and special remedy for a general and undesignated class or scope of offenses. The later act not only fails to repeal the former act, but recognizes its contemporaneous existence. It is only as to the mode of transacting its business, that a corporation created under the act of 1885, is to be subject only to its provisions.

PER CURIAM. The question here involved has been determined adversely to the contention of this appellant in *State* v. *Educational Endowment Ass'n, ante,* 158, (51 N. W. Rep. 908,) just decided.

The judgment appealed from stands affirmed.

(Opinion published 51 N. W. Rep. 909.)